**Michael Fuller, OSB No. 093570**
Lead Trial Attorney for Tara Bowman
Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-201-4570

**Kelly D. Jones, OSB No. 074217**
Of Attorneys for Tara Bowman
819 SE Morrison St., Suite 255
Portland, Oregon 97214
kellydonovanjones@gmail.com
Direct 503-847-4329

(full counsel information on signature page)

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **TARA BOWMAN,** a consumer residing in Oregon, individually and on behalf of all others similarly situated, | Case No. 3:17-cv-1092 **CLASS ACTION ALLEGATION COMPLAINT** 15 U.S.C. § 1692k Demand for Jury Trial |
| Plaintiff, | |
| v. | |
| **TODD, BREMER & LAWSON, INC.,** a foreign debt collector for Portland State University, | |
| Defendant. | |

**COMPLAINT** – Page 1 of 22

1.

## INTRODUCTION

Laws protecting borrowers from excessive debt collection date back to America's Founding Fathers. The Constitution, Article 1, Section 8 instructed Congress to enact "uniform Laws on the subject of Bankruptcies throughout the United States." Almost 75 years after the Constitution was ratified, Congress passed the 13th Amendment, prohibiting all forms of indentured servitude. Another 100 years later, the United States Supreme Court began declaring debtors' prisons unconstitutional. In 1977, Congress passed the Fair Debt Collection Practices Act to protect borrowers from unfair and excessive collection fees. Oregon law specifically protects former students from unreasonable fees on debts owed to public universities.

But not all collectors choose to follow the law.

2.

While attending PSU in the fall of 2014, Tara Bowman incurred various charges to her PSU account including tuition, health insurance, housing costs, and membership dues. On top of these charges, PSU also added various fees to her account, including a "mandatory fee", a "matriculation fee", a housing lease break fee, library fines, billing and maintenance fees, late payment fees, and a "collection processing fee". Then PSU began adding accrued interest on all these charges.

3.

When Tara Bowman became unable to pay all of PSU's charges and fees upon demand, PSU declared her account delinquent and assigned it to its South Carolina debt collector, Todd, Bremer & Lawson, Inc. (TBL Inc.) for collections. To add insult to injury, TBL Inc. then automatically demanded Tara Bowman pay an additional 25% "agency fee" (totaling almost $4,000) on top of all of the other charges, fees, dues and interest, massively ballooning Tara Bowman's debt to PSU to an amount she remained unable to afford. As far as Tara Bowman can tell, TBL Inc. did nothing more than mail a computer-generated collection letter to "earn" the 25% agency fee it now demands that she pay. As of the date of this complaint, TBL Inc.'s agency fee continues to grow because TBL Inc. calculates the fee as 25% of the "principal" balance and interest which continues to accrue.

4.

Thankfully, this type of excessive, automatic percentage-based fee is prohibited by Oregon law because it is unreasonable and because is not used to compensate PSU for any amounts that PSU actually incurred or will incur. The excessive fee TBL Inc. attempts to charge Tara Bowman (and potentially thousands of other former PSU students) is nothing more than an unenforceable liquidated damages penalty. Although violations of Oregon's collection agency laws cannot be

privately enforced, the overstatement and collection of amounts not allowed by law also violate the federal Fair Debt Collection Practices Act, which regulates the behavior of debt collectors like TBL Inc.

Tara Bowman files this federal class action complaint on behalf of herself and potentially thousands of former PSU students. She files this case in hopes of stopping TBL Inc. from continuing to demand excessive, unlawful collection fees from former PSU students. She also hopes to force TBL Inc. to return potentially hundreds of thousands of dollars in excessive fees that it has unlawfully collected from former PSU students over the past year.

5.

## JURISDICTION AND THE PARTIES

This Court has jurisdiction under 28 U.S.C. § 1331 because the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, is a federal consumer protection law.

6.

Plaintiff Tara Bowman is an individual living in Washington County, Oregon and a "consumer" protected by the FDCPA because she allegedly owes delinquent debt to Portland State University (PSU), incurred for personal tuition, services, and goods provided to her by PSU (the "debt").

7.

Todd, Bremer & Lawson, Inc. (TBL Inc.) is a South Carolina corporation that collects tuition and student loan debts nationwide, and on behalf of PSU from consumers in Oregon.

8.

TBL Inc.'s principal place of business is located at 560 S Herlong Avenue, Rock Hill, South Carolina 29732, and its registered agent service address listed with the Oregon Secretary of State is Cogency Global, Inc., 325 13th Street NE, Suite 404, Salem, Oregon 97301.

9.

TBL Inc. is a "debt collector" as that term is defined in the FDCPA because it regularly collects and attempts to collect consumer debts owed to, and on behalf of, other creditors, such as PSU, using mail, electronic bank transfers, and the Internet, and the principal purpose of TBL Inc.'s business is the collection of delinquent debts owed to original creditors such as PSU.

10.

TBL Inc. is licensed with the Oregon Division of Financial Regulation as a debt collection agency – license number 49365.

11.

Venue is proper under 28 U.S.C. § 1391 because TBL Inc. attempted to collect debt from Tara Bowman when she resided in Washington County, Oregon.

12.

## FACTUAL ALLEGATIONS

This complaint's allegations are based on personal knowledge as to Tara Bowman's conduct, and made on information and belief as to the acts of others.

13.

The debt at issue arose in 2014, when Tara Bowman allegedly agreed to pay PSU for tuition, memberships, services, and associated fees, interest, and other charges.

14.

The debt was not a government-affiliated or government-guaranteed student loan, or a loan at all, but rather an alleged obligation to pay PSU various charges and fees.

15.

TBL Inc. sent an initial collection letter dated July 18, 2016 (the "collection letter") to Tara Bowman. A true and correct redacted copy of the collection letter is attached as **Exhibit 1**.

16.

The collection letter was composed by and sent and caused to be sent by persons employed by, or an agent of, TBL Inc.

17.

The collection letter was a communication by a debt collector in an attempt to collect Tara Bowman's alleged debt owed to PSU.

18.

The collection letter was addressed to Tara Bowman at her address in Washington County, Oregon.

19.

Tara Bowman received the collection letter sometime before the end of July 2016.

20.

The collection letter stated that "Portland State University Accounts Receivable" was the current creditor, "[t]his account has been listed with our office for collection," and "[t]his communication is from a debt collector. This is an attempt collect a debt and any information obtained will be used for that purpose."

21.

The collection letter requested payment as follows:

| | |
|---|---|
| Principal | $13,147.00 |
| Fees | $3,775.72 |
| Additional Interest & Fees | $4.32 |
| Interest | $1,951.55 |
| Late Charge | $0.00 |
| Client Cost | $0.00 |
| **Total Amount Due** | **$18,878.59** |

22.

The undefined $3,775.72 "Fees" in the collection letter reflects 25% of $15,102.87, which is the sum of the $13,147.00 "Principal" plus the $4.32 "Additional Interest & Fees" and the $1,951.55 "Interest".

23.

TBL Inc. sent Tara Bowman a second collection letter dated February 9, 2017 (the "second collection letter"). She received the second collection letter sometime in mid-February 2017. The second collection letter simply demanded payment of $20,110.44, but did not break down the total amount owed into any specific charges, fees, or interest. A true and correct redacted copy of the second collection letter is attached as **Exhibit 3**.

24.

Shocked and concerned by the amount of excessive "fees" that had ballooned her alleged debt owed to PSU, Tara Bowman contacted PSU to request more information and clarification because she did not feel

safe contacting TBL Inc. directly. PSU initially told her that she needed to call TBL Inc. and request information from it. PSU eventually relented and stated that it would send her request along to TBL Inc.

25.

In response to her request, Tara Bowman received an itemized statement containing a PSU logo "Prepar[ed] March 3, 2017" (the "itemized statement") in early March 2017. A true and correct redacted copy of the itemized statement is attached as **Exhibit 2**.

26.

The itemized statement lists amounts for tuition, membership, various services, fines, penalties, late fees, a "Collection Processing Fee" of $75 and "Interest on principle [sic] balance" of $2,992.51." On a separate page, the itemized statement also listed an "Agency Fee" due to TBL Inc. of $4,034.88 for a total "PAYOFF DUE TO" TBL Inc. of $20,174.39.

27.

Just as in the collection letter, the $4,034.88 "Agency Fee" demanded by TBL Inc. in the itemized statement reflects 25% of $16,139.51, which is the sum of the $13,147.00 principal and the $2,992.51 interest accrued to the date.

28.

The first collection letter, second collection letter, and itemized statement together indicate that TBL Inc. is adding on an automatic 25% fee to the "Principal" and the "Interest", an amount that increases as the interest continues to accrue. TBL Inc.'s "Agency Fee" is not based on any actual time spent or expense incurred by TBL Inc. or by PSU in an effort to collect the debt.

29.

ORS 697.105(1) provides:

> (1) Except as provided in ORS 1.202 and 293.231, if a public body, as defined in ORS 174.109, uses a private collection agency to collect a debt owed to the **public body**, the public body may add a **reasonable fee** to the amount of the debt, payable by the debtor, **to compensate the public body, in whole or in part, for the collection agency fee incurred or to be incurred**.

(Emphases added).

30.

TBL Inc. is a "collection agency" under ORS 697.005(1)(a)(A).

31.

PSU is a "public body" under ORS 174.109, ORS 174.117(1)(i), and ORS 352.002(3).

32.

The automatic 25% "Fees" for $3,775.72 and "Agency Fees" for $4,034.88, that were added to the total amounts demanded by TBL Inc.

in the collection letter and the itemized statement, and as an undefined amount in the second collection letter, are not reasonable fees that TBL Inc. can collect under ORS 697.105 because the amounts are not reasonably proportional to, or based on, any time spent, services provided, or expenses incurred by TBL Inc. to send one, or several, collection letters.

33.

The automatic 25% "Fees" for $3,775.72 and "Agency Fees" for $4,034.88, that were added to the total amounts demanded by TBL Inc. in the collection letter and the itemized statement, and as an undefined amount in the second collection letter, are not allowed because these amounts were not to compensate PSU for a collection agency fee that was actually incurred, or that will ever actually be incurred, by PSU.

34.

Any contract term that purports to allow PSU or TBL Inc. to charge a fee calculated as percentage of the principal and interest accruing on a debt simply because Tara Bowman failed to pay the debt on time is also prohibited by Oregon law as an unenforceable liquidated damages clause. The percentage-based fee bears no reasonable relationship to any anticipated damages that will be incurred to remedy a breach, and is a disproportionate penalty. Thus, TBL Inc. was prohibited from charging its "Agency Fee" under Oregon law.

35.

The collection letter, second collection letter, and itemized statement were communications and a means to attempt to collect the debt from Tara Bowman.

36.

TBL Inc. is not allowed to collect or attempt to collect fees that are prohibited by Oregon law or federal law, regardless of what any contract with PSU and Tara Bowman may provide.

37.

The collection letter, the second collection letter, and the itemized statement are false, deceptive, and misleading representations and means to collect or attempt to collect the debt and an unfair and unconscionable means to collect or attempt to collect the debt because the collection fees TBL Inc. was attempting to collect from Tara Bowman for its own benefit were prohibited by Oregon law. The fees were unreasonable, were not to compensate PSU for collection agency fees that were, or would be, actually incurred by PSU, and represent an unenforceable liquidated damages penalty.

38.

By adopting the FDCPA, Congress elevated the right of a consumer such as Tara Bowman to be free from a debt collector's unlawful collection practices. The invasion of that right by TBL Inc. is a

concrete injury in fact for which this Court may provide relief. TBL Inc.'s false, deceptive, and misleading statements and unfair and unconscionable tactics to collect amounts that are not allowed by law presented an actual material risk of harm – including that as a result of TBL Inc.'s violation of the law as set forth in this complaint, Tara Bowman would pay amounts that TBL Inc. was not entitled to collect.

39.

Given the nature of the percentage-based fee that TBL Inc. added to the sum of "principal" balance and the interest and attempted to collect in the collection letter, second collection letter, and itemized statement, Tara Bowman believes that, given the opportunity for discovery, the evidence will show that TBL Inc.'s collections of amounts prohibited by Oregon law and in violation of the FDCPA as alleged in this complaint represent a common collection scheme. As part of its collection scheme, TBL Inc. sends materially similar collection letters to potentially thousands of other Oregon consumers to collect, or attempt to collect, materially similar percentage-based fees in amounts that are prohibited by Oregon law, and that overstate the debt amount in violation of the FDCPA. Upon information and belief, the evidence will show that PSU is not obligated to pay anything to TBL Inc. if an account is deemed uncollectable or if TBL Inc. does not recover any payments from the account holder before relinquishing the account back to PSU.

40.

## CLASS ACTION ALLEGATIONS

Under FRCP 23, Tara Bowman brings this action on behalf of herself and all other similarly situated individual consumers. The class is initially defined as:

a) all individual consumers with Oregon addresses,

b) who TBL Inc. sent, in an attempt to collect debt allegedly owed to PSU, a letter,

c) which included an amount for TBL Inc.'s collection fees calculated as an automatic percentage of the total principal balance and interest on the debt, or

d) that included an amount for TBL Inc.'s collection fees that was not used to compensate PSU for actual amounts incurred or actually to be incurred by PSU, and

e) such letter was sent on or after a date one year prior to the filing of this action.

41.

A class action is proper under FRCP 23(a) because upon information and belief based on the yearly enrollment numbers for PSU, the class consists of potentially thousands of individual consumers, and joinder of all members is impracticable. Each class member is easily

identifiable based on TBL Inc.'s and PSU's account records. Excluded from the class are all attorneys for the class, officers and directors of TBL Inc., including officers and directors of any entity with an ownership interest in TBL Inc., any judge who sits on the case, and all jurors and alternate jurors who sit on the case.

42.

This action can be maintained as a class action under FRCP 23(a) and (b) because there are questions of law and fact common to the class members, which predominate over any questions relating to individual class members, including but not limited to:

a) Whether letters sent by TBL Inc. attempting to collect a fee calculated as an automatic percentage of the principal balance and the applicable interest rate, that increases along with the interest accrual, is an unreasonable fee prohibited by ORS 697.105, thus violating the FDCPA,

b) Whether TBL Inc.'s collection fees were ever used to compensate PSU for collection agency fees that were actually incurred, or will ever be incurred, by PSU, and if not, whether these fees are prohibited by ORS 697.105, thus violating the FDCPA,

c) Whether letters sent by TBL Inc. attempting to collect automatic percentage-based collection fees are an unenforceable liquidated

damages penalty prohibited by Oregon law, thus violating the FDCPA.

43.

Tara Bowman's claim is typical of the claims of the class members, as it is based on the same factual circumstances, form letters, common collection scheme, and legal theories. Tara Bowman has no interests adverse to the class members.

44.

Tara Bowman will fairly and adequately represent and protect the interests of the members of the class. Tara Bowman has retained nationally known and locally respected counsel experienced in class action litigation and FDCPA litigation to further ensure such representation and protection of the class. Tara Bowman and her counsel intend to prosecute this action vigorously and have the resources necessary to successfully try this case to judgment.

45.

A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Absent class-wide adjudication, members of the class are without effective recourse. Because of the relatively small monetary value of each individual class member's claim, few, if any, class members could afford to prosecute an individual action against TBL Inc. The federal court filing fee alone is

almost half of the maximum statutory damages available under the FDCPA. Absent class treatment, TBL Inc.'s alleged wrongdoing would go unabated, and no class member would be afforded the opportunity to seek judicial relief, whether for themselves or for the public good generally.

46.

A class action is appropriate under FRCP 23(b)(3) because the questions of law and fact regarding the nature and legality of TBL Inc.'s practices as alleged above predominate over any questions affecting only individual class members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy, for the following reasons:

a) The prosecution of separate actions creates a risk of inconsistent or varying rulings,

b) The common questions of law and fact described above predominate over questions affecting only individual members,

c) Individual class members would have little interest in controlling the prosecution of separate actions because the amount of each individual claim is relatively small compared to the complexities of the issues and the expenses of litigation,

d) This is a desirable forum because this Court has significant experience managing class actions under the FDCPA,

e) A class action will be an efficient method of adjudicating the claims of the class members, and

f) Class members have claims that are not significant in amount relative to the expense of the litigation, so separate actions would not afford significant relief to the members of the class.

47.

## CLAIM FOR RELIEF

(15 U.S.C. § 1692k)

Adding an automatic 25% collection fee onto a principal debt and an increasing interest amount always represents an unreasonable collection agency fee because it is completely divorced from any actual time spent or expense incurred by TBL Inc. in generating and sending a form collection letter, or two or three. A consumer that owed a principal and accrued interest amount totaling $20,000 would automatically be charged $5,000 in fees, whereas a consumer who owed a principal and accrued interest amount totaling $1,000 would only be charged $250, although the time spent and any expense incurred by TBL Inc. would be the same. Thus, the collection of such fees is prohibited by Oregon law.

48.

Additionally, adding an automatic 25% collection fee onto a principal debt and an increasing interest amount is an unenforceable liquidated damages penalty that bears no reasonable relationship to anticipated damages that would be difficult to precisely ascertain, is a disproportionate penalty. Thus, the collection of such fees is prohibited by Oregon law and in violation of numerous provisions of the FDCPA because TBL Inc. is a debt collector.

49.

TBL Inc.'s choice to send the collection letter attached as **Exhibit 1**, the second collection letter attached **Exhibit 3**, and the itemized statement attached as **Exhibit 2** to Tara Bowman, and materially similar collection letters to members of the putative Oregon class, in an attempt to collect amounts for its collection fees that it was prohibited from collecting under Oregon law and which overstated the debt, is a false, deceptive, and misleading representation and means to collect the debt, a false representation of the amount of the debt, and an unfair and unconscionable means in collection of the debt that is not allowed by law, in violation of 15 U.S.C. § 1692e, § 1692e(2)(A), § 1692e(5), § 1692e(10), § 1692f, and § 1692f(1).

50.

As a result of TBL Inc.'s violation of the FDCPA as alleged above, Tara Bowman and all other similarly situated individual consumers are entitled to actual damages including any amounts paid to TBL Inc. for its unlawful fees under § 1692k(a)(1), statutory damages under § 1692k(a)(2)(B), and reasonable fees and costs under § 1692k(a)(3).

51.

Demand for jury trial.

## PRAYER FOR RELIEF

Tara Bowman seeks relief for herself and the proposed class as follows:

**A.** An order that this case may proceed as a class action and an order that TBL Inc. violated the FDCPA,

**B.** An order and judgment in favor of Tara Bowman and the class against TBL Inc. for damages determined to have been sustained by them, including actual damages, maximum statutory damages, and fees and costs.

**C.** An order and judgment in favor of Tara Bowman and the class against TBL Inc. for maximum pre-judgment and post-judgment interest, and

**D.** For any other relief this Court may determine is fair and proper.

July 14, 2017

                                   **RESPECTFULLY FILED,**

                                   s/ Michael Fuller
                                   **Michael Fuller, OSB No. 09357**
                                   Lead Trial Attorney for Tara Bowman
                                   Olsen Daines PC
                                   US Bancorp Tower
                                   111 SW 5th Ave., Suite 3150
                                   Portland, Oregon 97204
                                   michael@underdoglawyer.com
                                   Direct 503-201-4570

(additional counsel on next page)

**Rex Daines, OSB No. 952442**
Of Attorneys for Tara Bowman
Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
rdaines@olsendaines.com
Phone 503-362-9393

**Kelly D. Jones, OSB No. 074217**
Of Attorneys for Tara Bowman
819 SE Morrison St., Suite 255
Portland, Oregon 97214
kellydonovanjones@gmail.com
Direct 503-847-4329

**Robert Le, OSB No. 094167**
Of Attorneys for Tara Bowman
rl@robertlelaw.com

**Bret Knewtson, OSB No. 033553**
Of Attorneys for Tara Bowman
bknewtson@yahoo.com